[PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
2/19/03
THOMAS K. KAHN
CLERK

_____

No. 97-9198
Non-Argument Calendar

_____

D.C. Docket NO. 1:97-CV-231-TWT

CHARLES A. KENT,

Plaintiff-Appellant,

versus

SECRETARY OF LABOR, UNITED
STATES DEPARTMENT OF LABOR,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(August 4, 1998)**

Before GODBOLD, HILL and FAY, Senior Circuit Judges

PER CURIAM:

Charles A. Kent, pro se, appeals the dismissal of his petition for mandamus, 28 U.S.C. § 1361.

On appeal, Kent essentially argues that the district court should have granted his petition for mandamus and ordered the Secretary of Labor to comply with 42 U.S.C. § 503(b)(1) by conducting an investigation of the Georgia Department of Labor.

Whether a district court has subject-matter jurisdiction over an action is a question of law that we review de novo. Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida, 999 F.2d 503, 506 (11th Cir. 1993).

Upon review of the petition, the Secretary's motion to dismiss, and the district court's order, and consideration of parties' briefs, we find no reversible error.

The language of 42 U.S.C. § 503(b)(1), which is the statute upon which Kent relies, shows that the district court did not have jurisdiction to grant his petition for mandamus. This statute provides that whenever the Secretary finds, after a hearing, that the state agency has effected "a denial, in a substantial number of cases, of unemployment compensation to individuals entitled thereto," by a state agency, the Secretary "shall notify such State agency that further payments will not be made to the State until the [Secretary] is satisfied that there is no longer any such denial of failure to comply." 42 U.S.C. § 503(b)(1). Thus, the Secretary's decision whether to invoke this statute is discretionary. Moreover, the statute authorizes the Secretary to act on behalf of all those who were denied unemployment compensation, and not individuals who were denied such benefits. See id.

2

We conclude that because mandamus was not an appropriate means of relief here, the district court lacked jurisdiction.

**AFFIRMED.**